This is an action at law for conversion. The court in this case has no right to inquire into the equities between the trust company and Brubaker, or Brubaker's assignee, the plaintiff here, who took with full notice of the facts. The trust company has deliberately avoided a court of equity.

There is a radical difference of opinion as to the value of the cars. The plaintiff says they are worth over $2,000 each. The trust company insists that they are only available as scrap. They were purchased at a public sale in New York for $400 each. To make them salable required expenditures for painting, alterations, etc., and, even then in three or four years only five cars were sold. While some of them brought figures which seem to support plaintiff's ideas of value to some extent, it would be an unfair standard to apply. I doubt whether there was any demand for them in one lot. The best that could be done was to peddle them out singly or in small lots. After considering all the evidence, I award the plaintiff $900 a car for the lot, or $13,500 in all besides the costs of this action.

I may add that after examining the authorities, I adhere to the ruling on the trial, admitting the evidence of the dealings between Brubaker and the trust company, and the statements made by him. I think all these transactions and declarations were part of the res gestæ, and that they were binding on the plaintiff. The plaintiff may have appropriate exception to this ruling wherever necessary.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Alfred V. Norton, of New York City, for appellant.
Reeves & Todd, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Kelly at Trial Term.

---

### ALEX. CAMPBELL MILK CO. v. UNITED STATES FIDELITY & GUARANTY·CO.

(Supreme Court, Appellate Division, Second Department. February 20, 1914.)

INSURANCE (§ 508½ New, vol. 4 Key-No. Series)—INDEMNITY—CONSTRUCTION.

In 1904 defendant executed a bond running for a term of one year, obligating itself to reimburse plaintiff for all losses sustained through the defalcations of an employé to the amount of $2,500. Thereafter, on the payment of the required premium, three continuation certificates were issued, extending the policy down to the year 1908. The continuations provided that they should be subject to the provisions of the original bond, which declared that defendant should not be liable upon any previous bond; it being mutually understood that but one bond should be in effect at one time. The bond also provided that defendant should in no way be responsible to the employer to a greater extent than $2,500. *Held*, that the bond and the renewal certificates constituted distinct liabilities rendering the guarantor liable for defaults made during the respective periods covered by the bond of the renewals, up to the amount of $2,500 per annum.

Appeal from Trial Term, Kings County.

Action by the Alex. Campbell Milk Company against the United States Fidelity & Guaranty Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Affirmed.

The opinion of Mr. Justice Stapleton, at Trial Term, referred to, is as follows:

This is a motion to set aside a verdict and for a new trial.

I am satisfied that the only question raised requiring any discussion other than occurred upon the trial relates to a construction of the provisions of the bond claimed by the defendant in exoneration of its liability.

The defendant, in consideration of $12.50, executed a bond on December 8, 1904, obligating itself to reimburse and make good to the plaintiff an employer all and any pecuniary loss sustained by it through the defalcation of an employé, amounting to larceny, for the period from December 8, 1904, to December 8, 1905, limiting its liability thereunder to $2,500. On November 1, 1905, for an additional premium of the same amount, it issued a continuation certificate reading as follows:

"Continuation Certificate No. 5—17010.

"Fidelity Department.

"Amount,    $2,500.00
"Premium,       12.50

"The United States Fidelity and Guaranty Company.

"Home Office, Baltimore, Md.

"In consideration of the sum of twelve & 50/100 dollars, the United States Fidelity & Guaranty Company hereby continues in force bond No. 1204-4 in the sum of twenty-five hundred dollars, on behalf of Clarence Wilson in favor of Alex. Campbell Milk Co. for the period beginning the 8th day of December, 1905, and ending on the 8th day of December, 1906, subject to all the covenants and conditions of said original bond heretofore issued, on the 8th day of December, 1904.

"Witness the signatures of the president and ass't secretary this 1st day of November, 1905.          John R. Bland, President.

"W. W. Symington, Ass't Secretary."

On November 1, 1906, it issued a similar certificate for the period beginning December 8, 1906, and ending December 8, 1907. On November 1, 1907, it issued a similar certificate for the period beginning December 8, 1907, and ending December 8, 1908.

On September 25, 1908, it was discovered by the plaintiff that its employé whose fidelity was assured by the defendant was a defaulter. An expert examination of his accounts revealed and the verdict here establishes that plaintiff's loss was and occurred during the periods as follows:

Plaintiff's loss under original bond was.......................$1,480 00
Interest thereon to time of filing claim was..................   253 00
Plaintiff's loss under first renewal was (There was no interest on
  this loss for it exceeds $2,500)............................. 3,590 00
Plaintiff's loss under second renewal was.....................   458 00
Interest thereon to time of filing claim was..................    23 59
Plaintiff's loss under (third) (the last) renewal............. 2,161 28
Interest thereon to time of filing claim......................     7 92
                                                              ─────────
    Making a total of.........................................$7,973 79
As, however, the loss under the first renewal was more than the
  liability, there must in any event be deducted from the above
  total the difference, viz.:................................. 1,090 00
                                                              ─────────
    The result is.............................................$6,883 79

The bond contained this provision:

"The company, upon the execution of this bond, shall not thereafter be responsible to the employer, under any bond previously issued to the employer on behalf of said employé, and upon the issuance of any bond subsequent hereto upon said employé in favor of said employer, all responsibility hereunder shall cease and determine, it being mutually understood that it is the

intention of this provision that but one (the last) bond shall be in force at one time, unless otherwise stipulated between the employer and the company."

The defendant's contention that plaintiff may not recover in excess of $2,-500 under the bond and the three continuation certificates because of this provision has been overruled by the courts of this state. Hawley v. United States Fidelity Co., 100 App. Div. 12, 90 N. Y. Supp. 893, affirmed 184 N. Y. 549, 76 N. E. 1096.

The bond also contained the following provision:

"The company shall not in any wise be responsible to the employer, under this bond, to a greater extent than twenty-five hundred dollars."

Each of the continuation certificates contain the following provision:

"In consideration of the sum of ——— dollars the United States Fidelity and Guaranty Company hereby continues in° force bond No. ———. in the sum of ——— dollars, on behalf of ——— in favor of ——— for the period beginning the ——— day of ——— 190—, and ending on the ——— day of ——— 190—, subject to all the covenants and conditions of said original bond heretofore issued."

Defendant insists that the association of these clauses by reference limits the liability in any event to $2,500. I cannot so read the instruments. In my judgment the bond and the renewals establish distinct liabilities. The obligation of the bond is to make good the loss occurring during its term; the obligation of each renewal is to make good the loss occurring during its term. Each stands upon its separate consideration, and provides for its designated period of time. United States Fidelity & Guaranty Co. v. Williams, 96 Miss. 10, 49 South. 742, and cases cited.

By neither bond nor renewals in express terms or necessary implication is cumulative liability under all inhibited, or aggregate liability under all definitely fixed. Thus the cases construing bonds and renewals effectively containing such provisions have no application.

The plaintiff is entitled to recover upon his theory as submitted to and found by the jury as hereinbefore indicated.

It should have interest from January 1, 1909 (that date being three months after the claim was filed), the date when the obligation of the defendant to pay was perfected under the terms of the bond. This motion is denied. Plaintiff's motion for an extra allowance is denied.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

John Patrick Walsh, of New York City (Jerry A. Wernberg, of Brooklyn, and Robert Gray, of New York City, on the brief), for appellant.

James C. Cropsey, of Brooklyn (Charles C. Clark, of Brooklyn, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs, upon the opinion of Mr. Justice Stapleton at Trial Term.

---

(160 App. Div. 673)

MOORE v. VULCANITE PORTLAND CEMENT CO. et al.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. Costs (§ 97*)—Persons Liable—Statute—Transferee or Person Beneficially Interested.

Under Code Civ. Proc. § 3247, providing that when an action is brought in another's name by a transferee or person beneficially interested, he shall be liable for the costs as though he were the plaintiff, persons having an interest in the action, who refused to join as plaintiffs, and being made defendants merely asked for their share of any recovery, could not